JS 44 (Rev. 06/17)

**PBT**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
RFR CAPITAL LLC
73 Market Street Suite 376,
Yonkers, NY 10710

County of Residence of First Listed Defendant    Westchester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

**18   2259**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 USC § 227 et seq.
Brief description of cause:
Defendants telephoned my private telephone in violation of the TCPA and related claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
33,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE        DOCKET NUMBER

DATE
05/30/2018

SIGNATURE OF ATTORNEY OF RECORD
*James E Shelton*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 73 Market Street Suite 376, Yonkers, NY 10710

Place of Accident, Incident or Transaction: By phone call to my private telephone.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　　　Yes☐　No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

　　　　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

　　　　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

　　　　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

　　　　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
　　(Please specify) Violations of the TCPA, 47 U.S.C. 227

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, James Everett Shelton _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/30/2018 _____ *James E Shelton* _____

　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/30/2018 _____ *James E Shelton* _____

　　　　　　　　　　　　Attorney-at-Law　　　　　　　　　　　　　　Attorney I.D.#

CIV. 609 (5/2012)

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| v. | : | 18  2259 |
| | : | |
| RFR CAPITAL LLC, et. al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5/30/2018 | *James E Shelton* | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | 888-329-0305 | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.



$400

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br>**316 Covered Bridge Road**<br>**King of Prussia, PA 19406**<br><br>　　　　**Plaintiff,**<br><br>　　　　　**vs.**<br><br>**RFR CAPITAL LLC**<br>**73 Market Street Suite 376**<br>**Yonkers, NY 10701**<br><br>**ROBERTS A. SIGNORE also known as**<br>**ROB SIGNORE**<br>**73 Market Street Suite 376**<br>**Yonkers, NY 10701**<br><br>**RYAN M. COLA**<br>**73 Market Street Suite 376**<br>**Yonkers, NY 10701**<br><br>**RANDALL RICHARDS also known as**<br>**RANDY RICHARDS**<br>**73 Market Street Suite 376**<br>**Yonkers, NY 10701**<br>　　　　**Defendants** | **Civil Action**<br><br>**No. ___ 1 8 ___ 2 2 5 9**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT:

Plaintiff JAMES EVERETT SHELTON brings this action for damages, statutory

damages, court costs, and injunctive relief under rights pursuant to Federal Statute under 47

U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing

1

tortious activity of RFR CAPITAL LLC (hereinafter "RFR"), ROBERTS A. SIGNORE ("hereinafter "SIGNORE"), RYAN M. COLA (hereinafter "COLA"), and RANDALL RICHARDS (hereinafter "RICHARDS"), in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls") using an automatic telephone dialing system ("ATDS calls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.      Introduction

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff brings this action to challenge RFR's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges RFR's and RFR's agents' illegal telephone solicitations by which it markets its products and services by calling consumers whose numbers are listed on the National Do-Not-Call Registry utilizing automated dialing equipment, and RFR's failure to maintain a Do-Not-Call list or Do-Not-Call policy.

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

2

4.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communication Commission.[1]

5.      Plaintiff alleges that Defendant RFR CAPITAL LLC (hereinafter "RFR") placed numerous telemarketing calls to Plaintiff's cellular telephone number for the purposes of advertising RFR's services, using an automatic telephone dialing system (ATDS), which is prohibited by the TCPA.

6.      Plaintiff never consented to receive any of these calls, four (4) of which were made after Plaintiff told Defendants to stop calling.

7.      All of the claims asserted herein arise out of RFR's illegal telephone solicitation campaign and are a common fact pattern.

## II.      **Jurisdiction and Venue**

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this court in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County. Plaintiff received the phone calls to his private mobile telephone number as a permanent resident of Montgomery County. Defendant RFR conducts business in this judicial district by calling Pennsylvania consumers. Plaintiff's telephone number has a (484) Pennsylvania area code and is registered to Plaintiff's home address. Each of the Defendants has sufficient minimum contacts with this county, and otherwise purposely avail themselves of the markets in this county. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶ (July 10, 2015)

the district where [plaintiff] resides because the injury did not occur when the facsimile was

sent…; it occurred when the [facsimile] was received."

### III.   Parties

10.     Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the

alleged phone calls on his private mobile telephone line mentioned herein. Plaintiff is an adult

individual and citizen of the Commonwealth of Pennsylvania who has a residence of 316

Covered Bridge Road, King of Prussia, PA 19406.

11.     Defendant RFR CAPITAL LLC ("RFR") is a Delaware limited liability company based

in Yonkers, New York. RFR has a registered agent in Delaware, A Registered Agent, Inc., which

can be served at 8 The Green, Ste A, Dover, DE 19901. RFR's principal office address is 73

Market Street #376, Yonkers, NY 10710. RFR transacts business in, *inter alia*, Montgomery

County, Pennsylvania. RFR is not registered to do business in the Commonwealth of

Pennsylvania or in the State of New York, however, RFR markets and sells, *inter alia*, business

loan and/or merchant cash advance services to people in Pennsylvania.

12.     Defendant ROBERTS A. SIGNORE also known as ROB SIGNORE ("SIGNORE") is an

adult individual who is the Chief Executive Officer and/or principal owner of RFR. SIGNORE is

one of the primary individuals who reaps the benefit of the tortious and illegal conduct described

herein that is technically carried out only in RFR's name. Such tortious, or *ultra vires*, conduct

exceeds the permissible actions of corporations both in Pennsylvania, New York, and nationwide.

13.     Defendant RYAN M. COLA ("COLA") is an adult individual who is an Officer, executive

and/or member of RFR. As an executive or member, COLA is an individual who reaps the benefit

of the tortious and illegal conduct described herein that is technically carried out only in RFR's

4

name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, New York, and nationwide.

14.     Defendant RANDALL RICHARDS also known as RANDY RICHARDS ("RICHARDS") is an adult individual and an executive and/or member of RFR. His official title is the Director of Business Development. As an executive and/or member, RICHARDS is an individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in RFR's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, New York, and nationwide.

15.     At all times herein mentioned, RFR, SIGNORE, COLA, and RICHARDS (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

16.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

17.     At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to

5

engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## Background
### The Telephone Consumer Protection Act

18.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

19.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

20.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

21.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003). In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

6

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

> *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.**

22.     Under the TCPA, an individual such as SIGNORE, COLA, or RICHARDS may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 227 of the TCPA, which reads, *inter alia*:

[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*

47 U.S.C. § 227 (emphasis added).

7

23.     When considering individual officer liability, other Courts have agreed that a corporate

officer involved in the telemarketing at issue may be personally liable under the TCPA. See, *e.g.,*

*Jackson v. Five Star Catering, Inc., v. Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich.

Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for

violating the TCPA "where they 'had direct, personal participation in or personally authorized the

conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d

408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid

individual liability, the TCPA would lose much of its force.").

24.     Defendant SIGNORE, COLA, and RICHARDS are personally liable under the

"participation theory" of liability because they were executive officers and/or the Principal

Owners of RFR, knew of RFR's violations, and directed employees and/or agents of RFR to

continue making those violations.

25.     This is because Defendants SIGNORE, COLA, and RICHARDS authorized and oversaw

each of RFR's telemarketing processes and calls which were made on behalf of RFR.

26.     Defendants SIGNORE, COLA, and RICHARDS personally participated in the

telemarketing calls as alleged herein.

27.     Furthermore, Defendant SIGNORE, COLA, and RICHARDS are also personally liable

because they were responsible for ensuring RFR's agents and/or employees' TCPA compliance.

## IV.     **Factual Allegations**

28.     RFR provides business loans and/or "merchant cash advance" services.

29.     RFR uses telemarketing to promote its services.

8

30.     RFR's telemarketing efforts include calling cell phone numbers that are listed on the National Do-Not-Call registry for more than 31 days prior to the calls.

31.     At all times material hereto, Plaintiff was the subscriber of the telephone number 484-626-3942 and paid his cell phone bill through T-Mobile.

32.     Plaintiff's personal cellular telephone number, 484-626-3942, has been successfully registered on the National Do-Not-Call Registry since June 26, 2015, more than 31 days prior to the calls.

33.     On March 19, 2018 at 5:59 PM, Plaintiff received an automated call from a telephone number which displayed on Plaintiff's caller ID as (914) 401-5579. Plaintiff received this call and the following calls as described below on his personal cellular telephone number, 484-626-3942.

34.     Plaintiff answered the phone and said "hello" repeatedly into the phone, to which there was no answer and just dead air. After a few seconds, Plaintiff heard clicking, choppy audio, and a machine noise, followed by a "bloop" noise, before the call was transferred to a live human being. This is characteristic of an automated live-transfer from a computer to a human being, in which Plaintiff was connected upon answering the phone and saying "hello". For those reasons Plaintiff suspects that this call was placed using an Automatic Telephone Dialing System (ATDS).

35.     Plaintiff was connected with a man who had a strong Indian accent.

36.     Plaintiff then received a scripted sales pitch about business funding from the caller. Plaintiff played along and answered a few "pre-qualifying questions" satisfactorily.

37.     Plaintiff was then transferred to Defendant Randall Richards, a/k/a Randy Richards, who is the Director of Business Development at RFR Capital LLC.

9

38.     Plaintiff then received a scripted sales pitch about business loans and/or merchant cash advance services provided by defendants, RFR Capital LLC.

39.     As a result of this telemarketing call, "Randy Richard" sent Plaintiff an e-mail from randy@rfrcapital.com at 6:33 PM on March 19, 2018, trying to get Plaintiff to do business with RFR and/or borrow money or take out a merchant cash advance from Defendants.

40.     During that call, Plaintiff took steps to ascertain the identity of the caller and feigned interest for this exact reason, namely by requesting that the caller send Plaintiff an e-mail with their company information. However, Plaintiff never consented to receiving any additional telemarketing calls. Plaintiff specifically told the caller if he was interested or if he had any questions, he would call Defendants back.

41.     At 11:26 AM on the following day, March 20, 2018, Plaintiff received another e-mail from randy@rfrcapital.com.

42.     Despite not giving RFR consent or permission (verbally or in writing) to call back, Plaintiff received another call from RFR the following day, March 20, 2018 at 5:57 PM, from a number which displayed on Plaintiff's caller ID as (914) 226-3428.

43.     Plaintiff did not recognize the number, so he did not answer the call.

44.     One minute later at 5:58 PM, Plaintiff received yet another call from the same caller ID, (914) 226-3428. Plaintiff suspects that this call was placed using an Automatic Telephone Dialing System because of the tremendously short time for a call back.

45.     Plaintiff did not recognize the number, so he allowed it to go to his voicemail.

46.     Plaintiff received a 45-second voicemail from "Randy" at RFR. The voicemail had a brief pause at the beginning, then featured a scripted sales pitch about business funding.

10

47.     On March 22, 2018 at 11:28 AM, Plaintiff received a third e-mail from "Randy" at randy@rfrcapital.com.

48.     On March 22, 2018 at 11:30 AM, Plaintiff received an unsolicited text message from a number which displayed on Plaintiff's cell phone as (914) 771-1918. On Randy Richards' emails to Plaintiff, this number appears as Randy Richards' cell phone number.

49.     However, Plaintiff does not believe this is actually Randy Richards' cell phone number. Plaintiff conducted a telephone number search using an online database and this number did not appear for RICHARDS or RFR, or any of the defendants.

50.     The text message said "Hi James, it's Randy from RFR Capital. We spoke the other day about affordable financing options. I just wanted to follow up and see if you received the email I sent with the Docusign application for financing. If you have any questions please just let me know. Thank you and have a great day".

51.     On March 22, 2018 at 5:39 PM, Plaintiff texted "Randy" back and said "Hey". One minute later at 5:40 PM, "Randy" responded and said "How are you James". Plaintiff then informed "Randy" via text message that he had TCPA claims against Defendants for illegally calling him.

52.     Despite this, on March 23, 2019 at 1:18 PM, Plaintiff received another telemarketing call from (914) 226-3428. Plaintiff answered and spoke to "Rob", who upon information and belief is Defendant ROB SIGNORE. "Rob" asked if Plaintiff was interested in receiving financing, at which point Plaintiff told him no and told "Rob" he was going to sue for TCPA violations. "Rob" discussed the possibility of settlement but made a very weak offer which Plaintiff declined. Plaintiff requested to have his number placed on RFR's Do-Not-Call list and asked to receive a copy of RFR's internal Do-Not-Call policy.

11

53.     Defendants failed and/or refused to put Plaintiff's number on the Do-Not-Call list and failed and/or refused to provide Plaintiff with a copy of RFR's Do-Not-Call policy.

54.     On April 20, 2018 at 2:18 PM, Plaintiff received a call which displayed on Plaintiff's caller ID as 518-698-9789. Plaintiff answered and said "hello" into his phone repeatedly. Plaintiff then heard a click and pause, then a machine noise, before the call was suddenly disconnected. For those reasons, Plaintiff believes this call was made used an ATDS.

55.     On May 2, 2018 at 3:34 PM, Plaintiff received another ATDS call which displayed on Plaintiff's caller ID as 518-698-9789. Plaintiff answered and heard a click and paused, followed by a machine noise and a "bloop", after which he was connected with a live female human being with a strong Filipino accent.

56.     Plaintiff was transferred over to "Rob" at RFR Capital, after which the call unexpectedly disconnected. Plaintiff did not hang up suspects this "call abandonment was caused by a technical malfunction.

57.     At no time did Plaintiff provide his consent to receive any calls from RFR and/or its agents.

58.     Prior to these unsolicited calls, the Plaintiff has never done any business with RFR and Plaintiff never provided RFR with his cellular telephone number.

59.     RFR did not have the Plaintiff's prior express written consent to make these calls.

60.     In fact, before filing this lawsuit, the Plaintiff wrote to RFR asking if they had his prior express written consent to make the calls, but RFR did not provide any evidence of consent.

61.     Defendants failed and/or refused to provide a written copy of their internal company Do-Not-Call policy to Plaintiff, despite a written e-mail request and notice of Plaintiff's intent to file a formal claim.

12

62.     Pursuant to 47 CFR 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

63.     Defendants failed and/or refused to put Plaintiff's number on their internal company Do-Not-Call list.

64.     To the extent Defendants contend that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendants can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff, and did not produce any such written consent, even though the Plaintiff contacted RFR inquiring about the calls before filing this lawsuit.

65.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

66.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

13

67.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

1.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

2.     As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

3.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

4.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

5.     As a result of Defendants' and Defendants' agents knowing and/or willful violations

14

of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

6.      Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/ Sales Text/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

7.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

8.      As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

9.      Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/Sales Text DNC" Prohibition, 47 U.S.C. § 227 et seq.)

10.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

11.     As a result of Defendants' and Defendants' agents knowing and/or willful violations

15

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

12.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

13.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

14.  As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

15.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

16. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

17.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

18.     As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR

64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation,

pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

19.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

20.     As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00

for each and every violation, pursuant to the implied private right of action.

### WHEREFORE, Plaintiff prays for relief against defendants, as follows:
### V.     Prayer for Relief

On Causes of Action 1-8:

1.   For awards of $500 for each negligent violation as set forth in actions 1-8.

2.   For awards of $1,500 for each knowing and/or willful violation as set forth in actions

1-8.

3.   Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$33,000** (Seven counts of "Sales call/ Text Message to a number

registered on the National Do-Not-Call Registry", Six counts of "ATDS call", five counts of

17

"Failure to Put Plaintiff's Number on Defendants' Do-Not-Call list", and four counts of "Failure to provide a copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

## VI.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 30, 2018

James E Shelton

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

18

## **VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: May 30, 2018

*James E Shelton*

JAMES EVERETT SHELTON